UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 6:09-cr-00178-GRA |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Marcus Darnell Pickett, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before this Court upon Defendant's *pro se* Motions for Expedited Hearing and Reduction of Sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 of the United States Sentencing Guidelines, the Fair Sentencing Act (FSA), and the United States Supreme Court's decision in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (2012). Defendant filed both *pro se* motions on July 24, 2013.[1] *See* ECF Nos. 46 & 47. For the following reasons, Defendant's motions are DENIED.

## Background

Defendant's Motion for Reduction of Sentence is based on Amendment 750 to the United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine" and "had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1. " *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321, 2329 (2012), U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency

---

[1] As Petitioner is a prisoner, he benefits from the rule set forth in *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). A prison stamp is not visible on the envelope; thus, this Court is using the earliest visible date of July 24, 2013. ECF No. 46-3.

amendment, Amendment 748, enacted on November 1, 2010).  On June 30, 2011, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively.  This retroactive amendment became effective on November 1, 2011.  Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore, this matter is now ready for disposition.

Defendant pled guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) on July 26, 2010. ECF No. 36.  On November 11, 2010, this Court sentenced him to a term of 151 months imprisonment and five years supervised release.  ECF Nos. 40–41.  This sentence was within the Guidelines range stipulated to by the parties.  *See* ECF No. 58 at 2–3.  Defendant did not appeal his conviction and has not filed a petition pursuant to 28 U.S.C. § 2255.  Defendant filed the present motions on July 24, 2013, asking that this Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 46, and that this Court set an expedited hearing on the merits of his motion for sentence reduction, ECF No. 47.  On November 17, 2013, the Government responded arguing that Defendant is not entitled to a sentence reduction because he was sentenced pursuant to the career-offender offense guidelines and not pursuant to the advisory guideline range under the drug table.  ECF No. 61.

## **Standard of Review**

Plaintiff brings this motion *pro se*.  This Court is required to construe *pro se* documents liberally.  Such documents are held to a less stringent standard than

those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

Defendant was sentenced on November 11, 2010, with the following sentencing range:

| | |
|---|---|
| Total Offense Level: | <u>29</u> |
| Criminal History Category: | <u>VI</u> (career offender) |
| Months Imprisonment: | <u>151 to 188</u> |

Taking into consideration these Guidelines, this Court imposed a 151-month sentence on Defendant. ECF No. 41. This sentence was within the range indicated by the Guidelines. Further, Defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

Defendant now moves this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 46. He argues that under the Fair Sentencing Act, the applicable base offense level would be eighteen (18), altering his sentencing range to a range of 41 to 51 months. *Id.* at 3. Defendant asserts he is "eligible for a reduced sentence" because he was "a defendant, who at sentencing, was designated a career

offender but was granted a departure so that he was ultimately sentenced based upon the crack guidelines." ECF No. 46 at 2.  Defendant suggests that this Court at sentencing "departed downward" and did not sentence him as a career offender, but instead sentenced him based on a total offense level of thirty-one (31) and a criminal history category of four (IV).  *Id*.

After taking into account all of the amendments to §§ 1B.10 & 2D1.1, this Court finds that Defendant's sentencing range will remain the same.  Here, Defendant was sentenced after the Fair Sentencing Act was enacted, and the Guidelines were calculated correctly.[2]  Therefore, Defendant has already received the benefit of the Fair Sentencing Act's new sentencing ranges and he does not qualify for a reduction under 18 U.S.C. § 3582(c)(2).  At the time of Defendant's sentencing, the Pre-Sentence Investigation Report (PSR) indicated, pursuant to the Fair Sentencing Act of 2010, that his base offense level was eighteen (18) under U.S.S.G. § 2D1.1(c), because he was attributed 7.67 grams of crack cocaine.  ECF. No. 38.  As Defendant received a deduction for acceptance of responsibility, his total offense level would have been fifteen (15).  *Id*.  Moreover, with his level six (VI) criminal history category, the applicable Guideline range would have been 41 to 51 months.  *Id*.; *see also* U.S.S.G. Ch. 5 Pt. A (Sentencing Table).

However, due to his three qualifying prior felony convictions, Defendant was designated a career offender, increasing the base offense level to thirty-four (34) under U.S.S.G. § 4B1.1 (the "Career Offender Provision").[3]  ECF No. 38.  But, at the

---

[2] The Fair Sentencing Act was enacted on August 3, 2010.  Fair Sentencing Act, Pub. L. No. 111–220, 124 Stat. 2372.

[3] According to U.S.S.G. § 4B1.1, "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant

sentencing hearing, the parties agreed to "lower the career offender guideline one career offender notch" and use a total offense level of 32, which corresponded to an offense statutory maximum of 20 years or more, but less than 25 years. ECF No. 58 at 2–3. The amended total offense level became twenty-nine (29), after taking a 3-level deduction for acceptance of responsibility. Thus, his applicable guideline range was 151 to 188 months imprisonment, as established by his career-offender status. U.S.S.G. Ch. 5 Pt. A (Sentencing Table). Defendant was not sentenced pursuant to U.S.S.G. § 2D1.1(c); rather, he was sentenced under the Career Offender Provision. To be clear, at sentencing, this Court did not make a finding that altered Defendant's level six (VI) criminal history category, rather this Court accepted the parties' agreed upon career-offender total offense level of 29. ECF No. 58 at 2–3. Therefore, the fact that he was sentenced as a career offender under § 4B1.1 precludes any reduction in offense level pursuant to Amendment 750. *See United States v. Johnson*, 409 F. App'x 613, 614 (4th Cir. 2010) ("[Defendant] cannot benefit from Amendment 706 to the United States Sentencing Guidelines because his sentence was based on his career offender status rather than the quantity of cocaine attributable to him."); *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision."); *United States v. Davidson*, 488 F. App'x 646, 647–48 (3rd Cir. 2012) ("Like Amendment 706, Amendment 750 has no effect on

_____

offense of conviction is a felony that is either a crime of violence of a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

[Defendant's] offense level, which was based on his designation as a career offender. Accordingly, it is not a basis for a reduction of sentence under § 3582(c)(2).")

Furthermore, Defendant is not entitled to a reduction pursuant to the Supreme Court's ruling in *Dorsey v. United States*, 132 S.Ct. 2321. In *Dorsey*, the Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id*. at 2335. Here, even though Defendant falls into the category of pre-Act offenders sentenced post-Act, he was not sentenced based on the statutory mandatory minimum, but under the Guideline's suggested sentencing range. ECF Nos. 38 & 58. At the time of sentencing, Defendant's offense level and criminal history was enhanced and ultimately determined based on his status as a career offender pursuant to U.S.S.G. § 4B1.1. *Id.* Therefore, as his sentence was not based on the mandatory minimum, he cannot be resentenced under *Dorsey*. In effect, Defendant's sentence range and final sentence remain unaltered.

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1 and 1B1.10, the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a), and the advisory nature of the Sentencing Guidelines, it is the judgment of this Court that all provisions of Defendant's previously imposed sentence shall remain in full force and not be reduced.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for an Expedited Hearing on the Motion for Reduction of Sentence is DENIED as MOOT.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 17, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**